Filed 11/24/20 P. v. Cote CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

FREDRICK RAYMOND COTE,

    Defendant and Appellant.

E074976

(Super.Ct.No. CR44272)

OPINION

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 1994, a jury convicted defendant and appellant Fredrick Raymond Cote of four counts: murder with the special circumstances of intentional killing for financial

1

gain and intentional killing of a victim while lying in wait (Pen. Code, §§ 187, 190.2, subd. (a)(1) & (a)(15))[1]; committing a murder for financial gain; conspiracy with another to commit the murder (§§ 182, 187); entering an inhabited dwelling to commit theft and a felony (§ 459); and willful and unlawful violation of the personal liberty of another by means of violence, menace, fraud, and deceit (§ 236).

The court sentenced defendant to three years in state prison for the violation of personal liberty, and a life sentence without possibility of parole to commence following the three-year term. The sentences imposed for committing murder for financial gain and conspiracy were stayed pursuant to section 654.

In 2018, the Legislature enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), a provision that authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.

On December 20, 2019, defendant filed a section 1170.95 petition for resentencing. When his case was called on February 28, 2020, defendant was not present but was represented by counsel. The People moved to dismiss the petition on the grounds that section 1170.95 relief was not available to defendant because he was convicted of crimes requiring an intent to kill (murder with the special circumstances of murder for financial gain and lying in wait require intent to kill, and conspiracy to kill the victim).

---

[1] All further statutory references are to the Penal Code.

Defense counsel objected for the record and submitted the matter. The court dismissed the petition. Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case, a summary of the facts, and two potential arguable issues: (i) whether defendant's petition for resentencing established a prima facie case for relief under section 1170.95 for resentencing, thereby requiring the trial court to issue an order to show cause, and (ii) whether the trial court erred when it summarily dismissed defendant's petition without permitting him or his counsel to present evidence to establish a prima facie case for relief under section 1170.95. Counsel also requested this court to undertake a review of the entire record.

When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court is required to offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize, however, that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed

3

appellate counsel files a no-issues brief.  (*Cole*, at pp. 1038-1039 [Second App. Dist., Div. Two, did not review the record and exercised discretion to dismiss the appeal as abandoned when defendant did not file a supplemental brief]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Div. Three of this court exercised discretion to conduct independent review of the record even though defendant did not file a supplemental brief]; see generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fns. 7, 8 [court has inherent power to retain or dismiss an appeal from a conservatorship proceeding upon receipt of a no-issues brief from appointed counsel].)

In this case, appointed appellate counsel filed a no-issues brief from orders denying an indigent defendant postconviction relief.  We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  We exercised our discretion to conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106 and found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

McKINSTER
J.

4

[*People v. Cote*, E074976]

Slough, J., Dissenting.

As I've explained more fully in several unpublished dissents, I continue to disagree with this majority's routine application of the standard *Anders*/*Wende*[1] review process to appeals of postconviction orders denying petitions for resentencing under Penal Code section 1170.95. In my view, this appeal should have been dismissed by an order, a process we routinely follow in similar situations. Maybe there are circumstances justifying a dismissal by opinion, but the majority has provided none, and a full *Wende* review is certainly not appropriate in this case.

That's primarily because a full review of the record would be pointless. A cursory look at the issues on appeal reveals Cote is categorically not entitled to Penal Code section 1170.95 relief. You can tell simply by reading counsel's opening brief.

Here's all we need to know. In 1994, a jury convicted Cote of first degree murder (Pen. Code, § 182, unlabeled statutory citations refer to this code), conspiring to commit murder (§ 187/182); burglary (§ 459), and false imprisonment (§ 236). The jury also found he committed the murder for financial gain (§ 190.2(a)(1)) and by means of lying in wait (§ 190.2(a)(15)). The murder and conspiracy convictions were based on the fact that Cote paid an employee to kill his estranged wife's boyfriend. (Appellant's Opening Brief p. 6.)

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

1

The only issue presented by Cote's petition is whether he can avail himself of a substantive change in the definition of murder. In 2018, the Legislature amended the offense by removing "exceptions that had allowed . . . convictions despite the absence of malice. . . . [As amended] Penal Code sections 188 and 189 [now] restrict the scope of first degree felony murder and eliminate second degree murder based on the natural and probable consequences doctrine." (*People v. Johns* (2020) 50 Cal.App.5th 46, 58.) In short, the law of murder now requires some degree of intent. The new legislation also added a petitioning process under section 1170.95 allowing offenders convicted of murder without the required intent to take advantage of these changes. (*Johns*, at p. 59.)

In December 2019, Cote filed a section 1170.95 petition for resentencing. The People moved to dismiss the petition on the grounds section 1170.95 relief was categorically unavailable to Cote because he was convicted of crimes requiring the intent to kill (murder with the special circumstances of murder for financial gain and lying in wait require intent to kill, as well as conspiracy to kill the victim). The trial court got it and dismissed the petition without a hearing. That's all we need. We clearly don't need to review every page of the record to understand that under these circumstances Cote's petition is meritless.

Maybe a full review could be warranted in some circumstances. For example, there may be cause for greater caution in a case where the petitioner was convicted under a felony murder or natural and probable consequences theory, but the trial judge found they weren't entitled to relief after reviewing the trial transcript and taking additional

2

evidence at a hearing under section 1170.95, subdivision (d). (See *People v. Bascomb* (2020) 55 Cal.App.5th 1077.) This is not such a case. Cote wasn't convicted of felony murder or natural and probable consequences murder and intended his victim's murder.

Yet my colleagues apply *Wende* anyway and maintain a steadfast silence on their rationale for doing so. What are they looking for? Something to suggest the conviction was for an offense other than those identified in counsel's opening brief? Were they looking for other appealable issues? Doubtful, as this majority would almost certainly conclude Cote had forfeited any issue they might unearth in their review. In the end, I have no idea why they felt justified in taking the time to go through the record in this case. I am equally in the dark on what they learned in the process, since their analysis consists entirely of the boilerplate statement, "We exercised our discretion to conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106 and found no arguable issues." (Maj. Opn. *ante*, at p. 4.)

The majority rely on *People v. Cole* (2020) 52 Cal.App.5th 1023 as a basis for exercising their discretion to do a full review. I don't dispute that we have such discretion. However, absent an articulated basis particular to the case under review, I believe the majority abuses its discretion by exercising it. It speaks volumes that they have chosen not to articulate their basis in response to my raising the question. As the *Cole* decision itself holds, we also have the discretion to order the case dismissed as abandoned because neither counsel nor the appellant were able to identify any arguable issues. I would do that here.

Since the majority has not articulated a rationale for treating this particular section 1170.95 case differently from other appeals that do not involve the constitutional right to counsel, I dissent.

SLOUGH
J.